Frank W. LEWIS and Lola G. Lewis,
Plaintiffs-Appellants,

v.

NEW JERSEY EXPRESS CORPORA-
TION, Defendant-Appellee.

No. 13909.

United States Court of Appeals
Third Circuit.

Argued Oct. 16, 1962.

Decided Oct. 22, 1962.

Jacob Rassner, New York City (Samuel M. Cole, Jersey City, N. J., Jacob N. Geffen, New York City, on the brief), for appellants.

H. Curtis Meanor, Jersey City, N. J. (Lamb, Langan & Blake, Jersey City, N. J., Arthur J. Blake, Jersey City, N. J., on the brief), for appellee.

Before McLAUGHLIN and HASTIE, Circuit Judges, and DUMBAULD, District Judge.

PER CURIAM.

The automobile of appellant, Frank W. Lewis, operated by him and in which his wife, appellant, Lola G. Lewis, was a passenger, and the small automobile truck owned by and operated for appellee were in collision. Appellants, alleging they had sustained personal injuries as a result thereof and that the car of appellant, Frank W. Lewis, had been damaged, brought this suit. Appellee counterclaimed for the damages to its truck. The case was tried to a jury and resulted in verdicts against the plaintiffs on their causes of action and in favor of the defendant on its counterclaim.

There was no motion for a direction of verdict on behalf of the plaintiffs or objection to any part of the court's charge which inter alia left to the jury the questions of whether one, both or neither of the drivers were guilty of negligence proximately contributing to the accident. Appellants' motion for a new trial was denied.

Appellants now urge that appellee was negligent as a matter of law; that there was no dispute of any substantial factual issue; that the trial judge erred in denying appellants' motion for a new trial because as he stated, "I do not feel that as a matter of law I can find that the defendant was guilty of negligence and therefore I refuse to upset the verdict of the jury" and that the verdicts were a miscarriage of justice.

The record unmistakably shows substantial eye-witness evidence that the accident involved was caused by the negligence of the appellant driver and that the operator of appellee's truck was not at fault. There is also evidence to the contrary. In the circumstances the district judge, most properly, submitted those factual questions to the jury. The verdicts have a firm evidential basis. The trial judge rightfully refused to disturb them.

The judgments of the district court will be affirmed.